UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUIS CABAN,
    Plaintiff,

-vs.-                      **DEMAND FOR JURY TRIAL**

RIEXINGER & ASSOCIATES
    Defendant.
_____

## COMPLAINT & JURY DEMAND

Plaintiff, Luis Caban through counsel, Nitzkin and Associates, by Gary Nitzkin states the following claims for relief:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

## PARTIES

3. The Defendant to this lawsuit is Riexinger & Associates, LLC which is a Georgia company that maintains registered offices in Gwinnett County, Georgia.

## VENUE

4. The transactions and occurrences which give rise to this action occurred in Wayne County.

5. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff to Best Buy in the amount of about $1,300.00.

7. The last time that Plaintiff made a payment on this debt was in 2006.

8. The Bureaus, Inc., another debt collector, previously attempted to collect this alleged debt. However, sometime during the week of September 23, 2013, The Bureaus, Inc. told Plaintiff that it referred the account to a law firm called Riexinger & Associates. The Bureaus, Inc. provided Plaintiff with Riexinger & Associates' phone number.

9. On or about September 26, 2013, Plaintiff called Defendant. During this conversation, Defendant told Plaintiff that he owed $1,300.00. Defendant said to Plaintiff, "We need a settlement; do you want to offer anything?" Plaintiff said, "I'm going to tell you the same thing that I told Capital One and that I told to the Bureaus, Inc. My debt was only $750.00 and I do not feel I owe this much." Defendant explained to Plaintiff that he owed this much due to interest and fees. Plaintiff offered to settle this account for $750.00 and Defendant refused. Plaintiff asked, "How are you going to collect on an account that I have tried to settle for the past 5 years?" Defendant said, "We are going to have to resolve it or we are going to have to take action on it."

10. On or about September 27, 2013, Defendant called Plaintiff and offered to settle for $1,000. However, Plaintiff only offered to settle for $750.00.

11. On or about September 30, 2013, Defendant called Plaintiff around 9:00 a.m. During this conversation, Plaintiff said, "You have to stop calling me." Defendant said, "We are not going to stop calling." Plaintiff then said, "Ok, then I am going to send you a cease and desist letter." After Plaintiff said this, Defendant said, "We will continue to call you."

12. To date, Plaintiff has not received anything in writing from Defendant.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

13. Plaintiff reincorporates the preceding allegations by reference.

14. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

15. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

16. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

17. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq; including e(5) Threatening to take an action that cannot legally be taken by threatening to call Plaintiff after he sends out a cease and desist letter.

18. The Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

19. Plaintiff incorporates the preceding allegations by reference.

20. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

21. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

22. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §339.915

23. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

24. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

25. Plaintiff incorporates the preceding allegations by reference.

26. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

27. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

28. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252

29. Plaintiff has suffered damages as a result of these violations of the MCPA.

30. These violations of the MCPA were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorney fees.

Respectfully submitted,

October 12, 2013
/s/ Gary Nitzkin
GARY D. NITZKIN  P41155
TRAVIS SHACKELFORD P68710
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 213-6397
Email – gary@micreditlawyer.com